UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA RAMIREZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ORIGINAL US RESTAURANT, et al.,<br><br>    Defendants. | Case No. 14-cv-03244-JST<br><br>**ORDER TO SHOW CAUSE** |

On July 18, 2014, the Court issued a Scheduling Order for Cases Asserting Denial of Right of Access With Disabilities. ECF No. 3. That order set a variety of case deadlines, including the last day for plaintiffs to complete service, the last day for the parties to make initial disclosures, the last day for them to make a joint inspection of the premises, and so forth. Id.

The last day for service on all defendants was September 16, 2014. Id. Plaintiffs eventually filed a certificate of service on November 6, 2014, ECF No. 10, although the certificate identifies only two defendants as having been served, not three as listed on the caption. Also, as to defendant Trinacria Bros., Inc., the plaintiffs claim to have served both Benjamin Ruiz as agent for service of process, and an unidentified 45-year-old, bald, 6-foot-2-inch man who was "apparently in charge of the office." Id.; see also Cal. Code Civ. Proc. § 415.20 ("In lieu of personal delivery of a copy of the summons and complaint . . . a summons may be served by leaving a copy of the summons and complaint during usual office hours . . . with the person who is apparently in charge thereof").

On November 5, 2014, the plaintiffs requested entry of default against defendant 501 Columbus, LLC, and default was entered on November 7, 2014. ECF Nos. 9, 11. Since that time, there has been no further activity in the case.

The Court now sets a case management conference for Wednesday, March 18, 2015 at

1   2:00 p.m.  A case management statement must be filed by March 4, 2015.  In addition to the topics
2   required by the Court's local rules, the plaintiffs should address whether Original US Restaurant is
3   a defendant, as listed on the caption of the complaint, ECF No. 1; whether plaintiffs anticipate
4   seeking entry of default against defendant Trinacria Bros., Inc., and if so, when; and what steps the
5   plaintiffs anticipate taking to obtain a judgment against defendant 501 Columbus, LLC, and by
6   when.

Plaintiffs' counsel must appear personally at the hearing.  If plaintiffs' counsel does not appear, in light of the passage of time without activity in the case, the Court will dismiss it with prejudice.

**IT IS SO ORDERED.**

Dated:  February 19, 2015



_____
JON S. TIGAR
United States District Judge